## JONES *vs.* MATTHEWS.

[MOTION TO SET ASIDE JUDGMENT OF AFFIRMANCE ON CERTIFICATE.]

1. *Judgment; when may be affirmed on certificate.*—In appeals to the supreme court, the statute requires that the transcript shall be filed within the three first days of the court to which the appeal is taken. If this is not done, the judgment may be affirmed on certificate.—Rev. Code, § 3499.
2. *Same; when may be set aside.*—And if such judgment is affirmed on certificate, the court may set the affirmance aside and reinstate the case, for good cause shown. But the motion for this purpose must be made during the term, and supported by affidavits showing satisfactory reasons why the transcript was not filed *within the three first days* after the call of the division to which the case belongs.—Rev. Code, p. 818, Rule 26.
3. *Same; when judgment of affirmance on certificate will not be set aside.*—If the affidavits submitted with the motion show that the transcript was made ready by the clerk of the court below, as early as the commencement of the term of this court to which the appeal is taken, and that the cause belongs to the third division, which by order of court was set to be called on Monday, the 5th day of February after the commencement of the court on the first Monday in January in the same year, and the

Jones v. Matthews.

judgment of affirmance is taken on certificate, on the 10th day of said month of February,—then the failure to file the transcript, because the same was not sooner furnished by the clerk than the commencement of the term, is not a satisfactory reason to set the judgment of affirmance aside. Such delay is not a compliance with the rule of practice prescribed by this court.

Motion to set aside judgment of affirmance on certificate. The grounds of the motion are stated in the opinion.

BLAKELY & FERGUSON, *pro motion.*
RICE, CHILTON & JONES, *contra.*

PETERS, J.—This is a motion, supported by affidavit, to set aside a judgment of affirmance on certificate, rendered on the 10th day of February, 1872, and to reinstate the cause upon the docket.

The law clothing this court with the power to grant such a motion is in the following words: "If an appeal is taken, and the transcript of the record is not filed within the first three days of the court, it is the duty of the court, on motion of the appellee, to affirm the judgment or decree of the court below, upon the production by him of the certificate of the register, clerk, or judge of the probate court, that an appeal has been taken to the supreme court. For *good cause shown,* the court may *reinstate* the cause during the term, on payment of costs."—Rev. Code, § 3499. The cause sought to be restored in this case was allotted to the third division. This division came up in its regular course on Monday, the 5th day of February, 1872; but the judgment of affirmance was not taken until the 10th day of that month following; that is, it was not taken until after the call of that division. So much of the rule of this court prescribing the practice under the foregoing statute, which governs this case, is in the following language, to-wit: "In all other cases, where a motion is submitted to set aside a judgment rendered on certificate or citation, affidavits must be produced showing satisfactory reasons why the transcript was *not filed within the first three days after the call of the division* to which the case belongs."—Sup. Ct. Rules, Nos.

25 and 26, Rev. Code, p. 818. This application is on peti-
tion which is verified by the oath of the appellant. It was
filed in this court on the first day of June, 1872. This was
before the final adjournment of the last term, and was in
time.—Rev. Code, § 3499, *supra*. The appellant's reason
why the transcript was not filed within the three first days
after the call of the third division, to which his case be-
longed, is that the clerk of the court below would not, or
could not, prepare the transcript in time for that purpose.
The evidence in support of this reason is not satisfactory.
It appears, from the transcript filed with this application,
that the judgment sought to be appealed from was rendered
in the circuit court on the 8th day of June, in 1871, and
that the appeal was taken on the 13th day of December
thereafter. It is true, that the clerk's certificate to the
transcript bears date the 1st day of December, 1871. But
it is quite likely that this date is erroneous, as it contra-
dicts the dates both of the notice of appeal, its service and
the security for costs. These dates are respectively the
13th day of December, 1871. It is hardly to be presumed
that these dates are wrong, or that the record was made
and the transcript finished before these dates. Yet this is
the purport of the certificate. But, say the transcript was
ready by the 1st day of January, 1872, or even by the 1st
day of February, 1872; this was in ample time to have filed
the transcript "within the three first days after the call of
the division" to which the case belonged. This view of
the facts is sustained by the affidavit of the clerk. He af-
firms, that "before the commencement of said term" (the
January term, 1871,) of this court, "he had prepared a
complete transcript of the record in said cause, and had it
ready for delivery, but neither the appellant or his counsel
called for the same." This was in ample time, with at least
a month to spare, for the filing of the transcript under the
rule of practice above quoted. And, although I always
feel a strong leaning to grant motions of this kind when
made in time, it would be an utter disregard of the prac-

tice prescribed by this court to do so in this case, under the evidence submitted in the case.

The motion is, therefore, refused, with costs.